IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
NEWNAN DIVISION

| | |
|---|---|
| CHARLES A. DRISCOL, on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>P.U. PATEL, LLC D/B/A DAIRY QUEEN II OF GRIFFIN, and VIMAL PATEL, individually,<br><br>Defendants. | Case No.: |

## COMPLAINT & DEMAND FOR JURY TRIAL

Plaintiff, CHARLES A. DRISCOL, on behalf of himself and all others similarly situated, by and through the undersigned attorney, and sues the Defendants, P.U. PATEL, LLC D/B/A DAIRY QUEEN II OF GRIFFIN, and VIMAL PATEL, individually, (collectively referred to as "Defendants"), and alleges as follows:

### INTRODUCTION

1. This is an action by the Plaintiff against his former employers for unpaid overtime wages pursuant to the Fair Labor Standards Act, as amended, 29 U.S.C. § 207 and 29 U.S.C. § 216(b) (the "FLSA"), and any other relief available.

2. This action is brought under the FLSA to recover from Defendants proper overtime wages, liquidated damages, and reasonable attorneys' fees and costs.

**PARTIES**

3. During Plaintiff's employment with Defendants, he served as a cook, and performed related activities at their place of business located at 1110 Memorial Drive, Griffin, Georgia 30223.

4. Defendant, P.U. PATEL, LLC D/B/A DAIRY QUEEN II OF GRIFFIN (hereinafter "P.U. PATEL, LLC"), is a Georgia Corporation which operates and conducts business in the City of Griffin, Spalding County, Georgia, and is therefore within the jurisdiction of this Court.

5. Defendant, VIMAL PATEL (hereinafter "Patel"), is a corporate officer of, and exercised operational control over the activities of, corporate Defendant, P.U. PATEL, LLC, and resides in the State of Georgia. This Court has personal jurisdiction over this Defendant because said Defendant is a resident of the State of Georgia.

## JURISDICTION

6. This action arises under the FLSA, 29 U.S.C. §210, *et. seq.* The Court has jurisdiction over the FLSA claim pursuant to 29 U.S.C. § 206 and 29 U.S.C. § 216(b).

## VENUE

7. The venue of this Court over this controversy is proper based upon the claim arising in the City of Griffin, Spalding County, Georgia.

## COVERAGE

8. At all material times relevant to this action (2013 - 2016)[1], Defendants were an enterprise covered by the FLSA, and as defined by 29 U.S.C. § 203(r) and 203 (s).

9. At all material times relevant to this action, Defendants made gross earnings of at least $500,000 annually.

10. At all material times relevant to this action, Defendants accepted payments from customers based on credit cards issued by out-of-state banks, nationwide.

11. At all material times relevant to this action, Defendants routinely ordered materials, merchandise, products, and supplies from out-of-state vendors

and/or entities (i.e., disinfectants, table linen, napkins, kitchen and serving utensils, tables, chairs, as well as food and drinks, which was/is an integral part of the restaurant business of Defendants).

12. At all material times relevant to this action, Defendants had two (2) or more employees engaged in interstate commerce, handling or otherwise working on materials that have been moved in or produced for commerce (i.e., serve food and drinks, which was/is an integral part of the restaurant business of Defendants).

13. At all material times relevant to this action, Plaintiff was individually engaged in commerce during his employment with Defendants, by working with a wide array of daily-delivered products and goods and servicing customers.

## FACTS

14. Defendants are organizations doing business known as Dairy Queen which is one of the largest fast food systems in the world, with more than 6,000 restaurants in the United States, Canada and 18 other countries.

15. Defendant Patel, is the corporate officer, owner and acting manager of corporate Defendant P.U. PATEL, LLC with the power to: (1) hire and fire Plaintiff; (2) supervise and control Plaintiff's work schedule or conditions of

---

[1] All references to material times relevant to this action shall mean to encompass from 2013 through 2016.

employment; (3) determine Plaintiff's rate and method of payment; and (4) maintain employment records.

16. Defendants employed Plaintiff at their business located at 1110 Memorial Drive, Griffin, Georgia 30223, within the relevant time period.

17. Plaintiff worked for Defendants without being paid the correct overtime wages for all hours worked within a work week.

18. Defendants, each, controlled and/or were responsible for the work of Plaintiff.

19. Plaintiff worked as a "cook" for Defendants and performed related activities in Spalding County, Georgia.

20. In this capacity, Plaintiff was responsible for performing, including, but not limited to: (a) ensuring that all food and products are consistently prepared and served according to the restaurant's policies; (b) prepares food products following restaurant, health and safety standards and procedures quickly and accurately; (c) operates and maintains restaurant equipment including grill, fryer, freezer, and other related cooking equipment while following all health and safety standards; and (d) clean work area, organize and stock needed items, move various food, paper and cleaning items from other sections of building (or outside building) to immediate work area.

21. Plaintiff worked for the Defendants from approximately September 2013 through January 2015.

22. Plaintiff was initially paid by the hour, however, later switched to $300.00 salary.

23. Plaintiff was not paid proper overtime wage for all hours worked.

24. Specifically, Defendants scheduled Plaintiff to work for hours in excess of forty (40) hours, paid Plaintiffs for less than forty (40) hours per week, and paid Plaintiff for hours worked over forty (40) hours at the same hourly rate as straight time.

25. Defendants violated the terms and the FLSA's provision on overtime wages.

26. Defendants were aware of the hours Plaintiff worked.

27. Upon information and belief, the records, to the extent any exist, concerning the number of hours worked and amounts paid to Plaintiff are in the possession and custody of the Defendants.

## COLLECTIVE ACTION ALLEGATIONS

28. Plaintiff and the class members performed the same or similar job duties as one another for Defendants in that they provided the preparation of food products following restaurant, health and safety standards, and procedures.

29. Further, Plaintiff and the class members were subjected to the same pay provisions in that they were not compensated at time and one-half their regular rate of pay for all hours worked in excess of forty (40) hours in a workweek.

30. Thus, the class members are owed overtime compensation for the same reasons as Plaintiff.

31. Defendants' failure to compensate employees for hours worked in excess of forty (40) hours in a workweek as required by the FLSA results from a policy or practice of failure to assure that cooks were paid for all overtime hours worked based on the Defendants' failure to credit the cooks with all hours worked.

32. This policy or practice was applicable to Plaintiff and the class members.

33. Application of this policy or practice does not depend on the personal circumstances of Plaintiff or those joining this lawsuit, rather the same policies or practices which resulted in the non-payment of overtime to Plaintiff also apply to all class members.

34. Accordingly, the class members are properly defined as:

> **All non-exempt employees whom worked for Defendants, P.U. PATEL, LLC D/B/A DAIRY QUEEN II OF GRIFFIN, and VIMAL PATEL, within the State of Georgia within the last three (3) years and who were not compensated at time and**

**one-half their regular rate of pay for all hours worked in excess of forty (40) hours in a workweek.**

35. Defendants knowingly, willfully, or with reckless disregard carried out their illegal pattern or practice of failing to pay overtime compensation with respect to Plaintiff and the class members.

36. Defendants did not act in good faith or reliance upon any of the following in formulating its pay practices: (a) case law; (b) the FLSA, 29 U.S.C. § 201, *et seq.*; (c) Department of Labor Wage & Hour Opinion Letters; or (d) the Code of Federal Regulations.

37. During the relevant period, Defendants violated § 207(a)(1) and § 215(a)(2), by employing employees in an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA as aforesaid, for one or more workweeks without compensating such employees for their work at a rate of at least one and one-half for all hours worked in excess of forty (40) hours in a workweek.

38. Defendants have acted willfully in failing to pay Plaintiff and the class members in accordance with the law.

## COUNT I
## RECOVERY OF OVERTIME COMPENSATION AGAINST
## P.U. PATEL, LLC D/B/A DAIRY QUEEN II OF GRIFFIN

39. Plaintiff, on behalf of himself and those similarly situated, reincorporates and readopts all allegations contained in paragraphs 1 - 38 above as though fully stated herein.

40. Plaintiff, and those similarly situated to him, worked for Defendants at various times from 2013 to 2016 as cooks for Defendants and located in Georgia.

41. Throughout Plaintiff's employment, the Defendants repeatedly and willfully violated 29 U.S.C. §§ 207, *et seq.* and 29 U.S.C. §§ 215, *et seq.* of the FLSA by failing to compensate Plaintiff, and other similarly situated employees, at a rate not less than one and one-half times the regular rate at which they were employed, for workweeks longer than forty (40) hours.

42. Plaintiff and those similarly situated employees worked multiple weeks in excess of forty (40) hours a week, yet were not compensated for all work in excess of forty (40) hours at a rate not less than one and one-half times the regular rate at which they were employed.

43. Upon information and belief, the records, to the extent any exist, concerning the number of hours worked and amounts paid to Plaintiff and others similarly situated to him, are in the possession and custody of Defendant.

WHEREFORE, Plaintiff, CHARLES A. DRISCOL, on behalf of himself and all other similarly situated employees, demands judgment against Defendants, P.U. PATEL, LLC D/B/A DAIRY QUEEN II OF GRIFFIN, and VIMAL PATEL, for the payment of all overtime hours at one and one-half the regular rate of pay for the hours worked by them for which Defendants did not properly compensate them, liquidated damages, reasonable attorneys' fees and costs incurred in this action, and any and all further relief this Court determines to be just and appropriate.

## COUNT II
## RECOVERY OF OVERTIME COMPENSATION
## AGAINST VIMAL PATEL, INDIVIDUALLY

44. Plaintiff, on behalf of himself and those similarly situated, reincorporates and readopts all allegations contained in paragraphs 1 - 38 above as though fully stated herein.

45. Defendant, VIMAL PATEL, is the Owner and President of Defendant, P.U. PATEL, LLC D/B/A DAIRY QUEEN II OF GRIFFIN.

46. Defendant, VIMAL PATEL, is an Owner who acted with direct control over the work, pay, and job duties of Plaintiff and those similarly situated.

47. Defendant, VIMAL PATEL, had the power to hire and fire Plaintiff and those similarly situated.

48. Defendant, VIMAL PATEL, supervised and controlled Plaintiff's work schedule, and/or conditions of employment, as well as for those similarly situated.

49. Defendant, VIMAL PATEL, determined Plaintiff's rate and method of payment.

50. Defendant, VIMAL PATEL, maintained employment records.

51. As such, Defendant, VIMAL PATEL, is charged with responsibility for violations of Plaintiff's rights to overtime and resulting damages.

WHEREFORE, Plaintiff, CHARLES A. DRISCOL, on behalf of himself and all other similarly situated employees, demands judgment against Defendants, P.U. PATEL, LLC D/B/A DAIRY QUEEN II OF GRIFFIN, and VIMAL PATEL, for the payment of all overtime hours at one and one-half the regular rate of pay for the hours worked by them for which Defendants did not properly compensate them, liquidated damages, reasonable attorneys' fees and costs incurred in this action, and any and all further relief this Court determines to be just and appropriate.

## DEMAND FOR JURY TRIAL

Pursuant to Fed. R. Civ. P. 38(b), Plaintiff, on behalf of himself and those similarly situated, hereby demands a trial by jury of all issues so triable.

Respectfully submitted,

/s/ Carlos V. Leach
Carlos V. Leach, Esq.
Ga. Bar No.:  488443
E-mail:     CLeach@forthepeople.com
**MORGAN & MORGAN, P.A.**
191 Peachtree Street, N.E., Suite 4200
Post Office Box 57007
Atlanta, Georgia 30343-1007
Tel:   (404)  965-8811
Fax:   (404)  965-8812
***Attorneys for Plaintiff(s)***